1  SEYFARTH SHAW LLP
   Mark P. Grajski (SBN 178050)
2  mgrajski@seyfarth.com
   Daniel C. Kim (SBN 272680)
3  dckim@seyfarth.com
   400 Capitol Mall, Suite 2350
4  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
5  Facsimile:    (916) 558-4839

6  Attorneys for Defendant
   FOSTER POULTRY FARMS

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 JOANN LINAN, an individual,              Case No.:

11            Plaintiff,                    **DEFENDANT FOSTER POULTRY
                                            FARMS' NOTICE OF REMOVAL OF
12     v.                                   CIVIL ACTION TO U.S. DISTRICT
                                            COURT**
13 FOSTER POULTRY FARMS, a California
   corporation, and DOES 1 through 100, inclusive,
14                                          Complaint Filed: July 28, 2014
              Defendants.                   Trial Date: None
15

16        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17        PLEASE TAKE NOTICE THAT defendant FOSTER POULTRY FARMS hereby removes the

18 above-referenced action from the Superior Court of the State of California, Merced County, to this Court

19 under 28 U.S.C. sections 1331 and 1441 (federal question jurisdiction), and states that the removal is

20 proper for the following reasons:

21              **PLEADINGS AND PROCEEDINGS TO DATE**

22        1.     On July 29, 2014, Plaintiff Joann Linan filed a Complaint in the Superior Court of the

23 State of California in and for the County of Merced, entitled *Joann Linan v. Foster Poultry Farms*, Case

24 Number CVM018928. A true and correct copy is attached as **Exhibit A**.

25        2.     On September 8, 2014, Plaintiff filed a First Amended Complaint ("Complaint") against

26 Defendant Foster Poultry Farms ("Foster Farms"). The First Amended Complaint was served on Foster

27 Farms' agent for service of process on September 16, 2014. True and correct copies of the Service of

28 Process Transmittal, Summons, Civil Cover Sheet, First Amended Complaint, and Notice of Case

                            1
                   **NOTICE OF REMOVAL**

Management Conference and Notice of Inclusion in Delay Reduction Program, served upon Foster Farms in the state matter are attached as **Exhibit B**.

3.     The First Amended Complaint alleges seven causes of action against Foster Farms for (1) disability discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to accommodate, (5) failure to engage in the interactive process, (6) retaliation for taking protected leave under the California Family Rights Act ("CFRA"), and (7) retaliation for taking protected leave under the Family and Medical Leave Act ("FMLA").

4.     On October 15, 2014, Foster Farms filed an Answer to the First Amended Complaint. A true and correct copy of the Answer is attached as **Exhibit C**.

5.     Foster Farms is informed and believes that the documents attached to this notice as **Exhibits A-C** constitute the entirety of the state court file in this action.

## TIMELINESS OF REMOVAL

6.     Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after receipt by the defendant of the initial pleading that gives rise to federal jurisdiction. On its face, Plaintiff's First Amended Complaint raises federal questions invoking federal jurisdiction. Because the Complaint in this matter was served on September 16, 2014, Foster Farms' deadline for removing this action is October 16, 2014. Removal therefore is timely pursuant to 28 U.S.C. § 1446(b).

## FEDERAL QUESTION JURISDICTION

7.     Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Any civil action commenced in state court is removable if it might have been originally brought in federal court. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 563-64 (2005) ("district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action."). This action may be removed pursuant to 28 U.S.C. § 1441 because it arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq. See, e.g. Gambini v. Total Renal Care, Inc.*, 436 F.3d 1087, 1091 (9th Cir. 2007); *McCormack v. Medcor, Inc.*, Case No. 2:13-cv-02011, 2014 U.S. Dist. LEXIS 6602, at *3 (May 14, 2014) (four causes of action invoking California law removed to District Court based on Plaintiff's FMLA claim).

8.      The FMLA entitles eligible employees to take up to 12 workweeks of leave during any 12-month period because of, among others, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); 29 C.F.R. § 825.200(a)(4). The FMLA also prohibits an employer from retaliating against any employee for exercising her rights protected by the FMLA. 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(c).

9.      Plaintiff was employed by Foster Farms. (Complaint ¶ 21, Exh. B.) Plaintiff alleges that she took multiple medical leaves of absence. (*Id*. ¶¶ 9, 17.) Plaintiff alleges that she was retaliated against for taking medical leave. (*Id*. ¶ 19.) Plaintiff alleges that as her employer, "pursuant to 29 U.S.C. § 2611, [Foster Farms] knew of her serious medical condition, and was thereby barred from retaliating against [Plaintiff] in violation of the FMLA." (*Id*. ¶ 64.) Plaintiff further alleges that Foster Farms "discriminated and retaliated against [Plaintiff] because she took leave pursuant to the FMLA." (*Id*. ¶ 65.)

10.     Plaintiff's Seventh Cause of Action is based on an alleged violation of the FMLA under 29 U.S.C. §§ 2615(a)(1) and (a)(2). (Complaint ¶¶ 62-67, Exh. B.) Therefore, Plaintiff's Seventh Cause of Action arises under federal law and establishes original federal jurisdiction.

11.     In addition to the FMLA claim, Plaintiff's First Amended Complaint also alleges state law claims for (1) disability discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to accommodate, (5) failure to engage in the interactive process, and (6) retaliation for taking protected leave under the California Family Rights Act ("CFRA"). All of these claims relate to Plaintiff's protected leave due to a serious health condition.

12.     Therefore, the central allegation in Plaintiff's First Amended Complaint is that she suffered from a serious health condition warranting protected leave under the FMLA and that the was discriminated and retaliated against for taking such leave. Defendant denies these allegations and contends that Plaintiff's termination, and any other allegedly adverse employment actions, were based on legitimate, nondiscriminatory reasons or were otherwise unrelated to Plaintiff's FMLA leave. Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

13.      To the extent that the First Amended Complaint alleges statutory, state common law, or other non-federal claims, this Court has supplemental jurisdiction over any such claims pursuant to 28

3

U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under FMLA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## **VENUE**

14.   Venue lies in the Fresno Division of the Eastern District of California pursuant to 28 U.S.C. sections 1441(a) and Local Rule 3-120(d) because the original state court action was filed in Merced County Superior Court. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

15.   A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Merced, as required under 28 U.S.C. § 1446(d).

WHEREFORE, defendant requests that the state action be removed from the Superior Court of the State of California, Merced County, to the United States District Court for the Eastern District of California, Fresno Division.


DATED: October 16, 2014                     Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By:   /s/ Daniel C. Kim
                                                Mark P. Grajski
                                                Daniel C. Kim

                                            Attorneys for Defendant
                                            FOSTER POULTRY FARMS

**NOTICE OF REMOVAL**

18119483v.1

1

**PROOF OF SERVICE**

2

3

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On October 16, 2014, I served the within document(s):

4

**DEFENDANT FOSTER POULTRY FARMS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT'**

5

**CIVIL COVER SHEET;**

6

**DEFENDANT FOSTER POULTRY FARMS' CORPORATE DISCLOSURE**

7

8

9

☐ I sent such document from facsimile machines (916) 558-4839 on August 5, 2014.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

10

11

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

12

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

15

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

16

17

18

19

20

Robert J. Wasserman
Salwa K. Haddad
Mayall Hurley
2453 Grand Canal Blvd.
Stockton, CA  95207
Phone: 209-477-3833
Fax: 209-473-4818

Phone: 209-477-3833
Fax: 209-473-4818

*Attorneys for Plaintiff
Joann Linan*

21

22

23

24

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

25

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

Executed on October 16, 2014, at Sacramento, California.

27

_____
Linda Ninelist

28

PROOF OF SERVICE

18202250v.1

**EXHIBIT A**

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard
   Stockton, California 95207
3  Telephone (209) 477-3833
   Facsimile (209) 473-4818
4  MARK S. ADAMS
5  State Bar No.: 78706
   SALWA K. HADDAD
6  State Bar No.: 294625

7  Attorneys for Plaintiff, Joann Linan

**FILED** JUL 29 2014
MERCED SUPERIOR COURT
_Deputy_

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  COUNTY OF MERCED

10

11  JOANN LINAN; an individual,            Case No.: **CVM018928**

12       Plaintiff,                        **COMPLAINT FOR DAMAGES FOR**

13  vs.                                    1. **DISABILITY DISCRIMINATION**
                                           2. **FAILURE TO PREVENT**
14  FOSTER POULTRY FARMS, a California         **DISCRIMINATION**
    corporation; and DOES 1-100, inclusive,  3. **FAILURE TO ACCOMMODATE**
15                                           4. **FAILURE TO ENGAGE IN THE**
16       Defendants.                            **INTERACTIVE PROCESS**

17                                          **JURY TRIAL DEMANDED**

18

19        Plaintiff Joann Linan ("Linan") brings this action against Defendant Foster Poultry Farms

20  ("Foster Farms") and Does 1-100, inclusive, for general, compensatory, punitive, and statutory

21  damages, injunctive relief, costs, and attorneys' fees resulting from the defendants' unlawful and

22  tortious conduct, and as ground therefore alleges:

23                                    **PARTIES**

24        1.     Linan is an individual and is, and at all times relevant herein was, a resident of

25  Merced County, California.  At all times relevant herein, Linan was employed by Foster Farms in

26  Merced County, and was an "employee" as defined by Government Code section 12926(c).

27

28

Complaint for Damages
Page 1 of 10

2.     Foster Farms is a California corporation qualified to do business in the State of California. Foster Farms is an "employer" as defined by Government Code sections 12926(d) and 12940(j)(4)(A).

3.     Foster Farms and Does 1-100 are collectively referred to as "Defendants."

4.     Linan is not aware of the true names and capacities of the defendants sued herein as Does 1-100, whether individual, corporate, associate, or otherwise, and, therefore, sues such defendants by these fictitious names. Linan will amend this complaint to allege their true names and capacities when ascertained.  Linan is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Linan's injuries and damages herein alleged were illegally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

5.     Linan is informed and believes and thereupon alleges that at all times mentioned herein, each defendant, including each Doe defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the other defendants, including each Doe defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining defendants.

## VENUE AND JURY TRIAL DEMAND

6.     Venue is proper in this Court because the discriminatory acts alleged herein took place in Merced County, and Linan's former place of employment with Foster Farms is located within Merced County. Linan hereby demands a jury trial.

## GENERAL ALLEGATIONS

7.     Linan served Foster Farms for 34 years. Linan was hired June 18, 1979 in the processing department. During her employment, Linan was promoted four times. In July 2011, Linan was promoted to the position of "Data Clerk D" in the accounts receivable department. Her

1  duties involved managing vendors, brokers, sales representatives, customers and overseeing

2  collections and billing.

3      8.     Linan excelled at her job.  Her annual performance evaluations, between 1979 and

4  2011, consistently ranged from either excellent, to very good, to meets expectations.

5      9.     In August 2012, Linan went on extended medical leave and returned to work in

6  October 2012.

7      10.    Upon her return, Foster Farms gave Linan a negative 2012 performance evaluation,

8  refused to grant Linan her annual merit-based pay increase, and placed Linan on a Performance

9  Improvement Plan ("PIP") alleging her performance fell below expectations.

10     11.    While Linan was away on medical leave, Foster Farms failed to manage her work

11  load such that when she returned her accounts were significantly behind.

12     12.    In addition to requiring Linan to catch up on accounts that were behind, the PIP

13  required additional tasks for which Linan was not responsible prior to taking medical leave.  For

14  example, Linan was required to train employees Shilpa Mistry on audits and Juan Dominguez on

15  remittance.  The PIP also required that Linan create three proposals for improving the performance

16  for her department as well as develop action plans.

17     13.    Linan's PIP unreasonable required that Linan meet these goals or else face the

18  prospect of termination.  Nonetheless, Linan caught up her accounts, reduced her mistakes to

19  above average levels, trained the additional employees, and submitted three proposals and action

20  plans for improving department performance.

21     14.    Additionally, the PIP required that Linan reduce her audits to above average levels.

22  When Linan improved her audits to the department average, Linan's supervisors continued to

23  refuse to remove her PIP unless she reduced her audits even further to unreasonable levels.

24     15.    Meanwhile, Linan was not given the support she needed.  Linan was not receiving

25  proper training from her supervisor and the office assistants were expressly instructed to provide

26  support to Linan's co-workers, but not to Linan.

27     16.    In addition to these burdens, the November PIP also required that Linan follow-up

28  with her supervisors on a near monthly basis to review her progress.  However, Linan's

1  supervisors regularly failed to prepare for these meetings, failed to attend the meetings, and failed

2  to provide Linan with any feedback other than instructing her to continue striving for unreasonable

3  numbers that were not required of her co-workers.  Nonetheless, Linan was achieving outstanding

4  numbers.  While Linan's immediate supervisor Cindy Costa ("Costa") gave Linan consistently

5  positive feedback for her work, Lozano consistently extended Linan's PIP until her termination.

6        17.    During Linan's probationary period, Linan required additional medical leave from

7  March 4, 2013 to May 22, 2013 and from July 15, 2013 to July 29, 2013 for sinus surgery.  When

8  Linan returned from this medical leave, Linan learned that Foster Farms had failed to adequately

9  delegate her work such that her accounts were significantly behind.  Foster Farms reprimanded

10  Linan on this basis and further extended her PIP.

11       18.    Prior to taking her medical leave for fourteen days in July for sinus surgery, Linan

12  met with Lozano and HR for a PIP evaluation on July 10, 2014.  Lozano reprimanded Linan for

13  using her vacation time, stating, "You are making the decision to take vacation during your

14  probations, so that is on you."  Linan informed her that the time off is for surgery, but  HR and

15  Lozano informed Linan that her PIP would be extended nonetheless.  Linan sent a follow-up e-

16  mail to Human Resources complaining that her work expectations under the PIP were inconsistent

17  with her necessary medical leave, but Human Resources failed to remedy the situation.

18       19.    During this time, Linan submitted various complaints regarding the treatment she

19  was receiving in retaliation for taking medical leave, but Foster Farms failed to remedy the

20  situation.  For example, Linan complained to Human Resources and management on multiple

21  occasions that:

22        •  She was not receiving training on audits while at the same time she was expected to

23           significantly maintain numbers well above average,

24        •  She was asked to give up her vacation time and to work overtime,

25        •  The PIP follow-ups were regularly being cancelled,

26        •  She was assigned projects to create proposals to improvement the department when

27           this was not a part of her duties prior to taking medical leave,

28

- She was specifically subjected to various requests to train employees while on probation, but would then be subjected to reprimands for training other employees during PIP meetings,

- Her schedule was changed after she returned from medical leave causing her hardship,

- Her accounts and audits expectations laid for her in the PIP were unreasonable,

- Her desk was searched by her supervisors while she was on medical leave,

- Costa gave Linan a write-up for missing a lunch break where Costa had required Linan miss the lunch break for a PIP follow-up meeting,

- that she heard rumors that from co-workers that management intended to terminate her,

- She was denied temp assistance while other employees were entitled to temp assistance,

- Her PIP score was not improving even though her performance numbers such as accounts and audits up-to-date and mistakes made per year were significantly improved and while she was receiving other positive feedback from her supervisors.

20.     During the months immediately prior to termination, Foster Farms acknowledged various successes and contributions that Linan made to the department.  For example, during an August 16, 2013 follow-up meeting that Linan had succeeded in making progress towards her PIP goals.  In an August 8, 2013 e-mail Linan received further praise from Costa for her teamwork and her success on clearing a $40,000 UWG deduction.  In July 2013, Linan's supervisor Sandra Gonzalez and Costa requested Linan's help in helping a co-worker catch up her accounts and thanked her for a job well-done because Linan was able to assist in catching up the account.

21.     Nevertheless, Foster Farms terminated Linan on September 3, 2013 after thirty years of dedicated service with Foster Farms.  The stated reason for her termination was her performance.

22.     Linan filed a complaint against Foster Farms with the Department of Fair Employment and Housing ("DFEH") on February 19, 2014 and was issued a right-to-sue notice that same day.

23.     The list of misconduct by Defendants set forth above is a partial list only, and by way of example.

24.     As a direct and proximate result of Defendants' conduct, Linan has been harmed and requests relief as hereafter provided.

### FIRST CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(a)
### (Disability Discrimination)
### Against Foster Farms and Does 1-100

25.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26.     The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation.  Gov. Code § 12940(a).

27.     At all times herein mentioned, Linan was qualified for her position at Foster Farms based upon her work experience and performance history with Foster Farms.

28.     Foster Farms was at all times material herein Linan's employer pursuant to Government Code section 12926(d) and was therefore barred from discriminating against its employees based on disability and/or perceived disability.

29.     Nevertheless, as set forth above, Defendants discriminated against Linan based on disability, perceived disability, and/or future perceived disability, in violation of Gov. Code § 12940(a).

30.     The acts taken toward Linan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Linan, thereby justifying an award to her of punitive damages.

31.     As a direct and proximate result of Defendants' conduct, Linan has been harmed and requests relief as hereafter provided.

## SECOND CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(k)
### (Failure to Prevent Discrimination)
### Against Foster Farms and Does 1 – 100

32.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

33.     The FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k).

34.     Foster Farms was at all times material herein Linan's employer pursuant to Government Code section 12926(d) and was therefore required to prevent discrimination as set forth in Government Code section 12940(k).

35.     Foster Farms knew or should have known of the discrimination by its employees, supervisors, managers and Does 1-100, inclusive.

36.     Nevertheless, as set forth above, Defendants did nothing to rectify or prevent said discrimination.  Instead, Defendants consented to, encouraged, permitted and/or acquiesced to the discrimination.

37.     The acts taken toward Linan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Linan, thereby justifying an award to her of punitive damages.

38.     As a direct and proximate result of Defendants' conduct, Linan has been harmed and requests relief as hereafter provided.

## THIRD CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(m)
#### (Failure to Accommodate)
### Against Foster Farms and DOES 1-100

39.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     The FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

41.     Foster Farms at all times material herein was Linan's employer pursuant to Gov. Code § 12926(d) and knew of his disability and was required to reasonably accommodate her pursuant to Government Code section 12940(m).

42.     Nevertheless, as set forth above, Defendants failed to reasonably accommodate Linan.

43.     The acts taken toward Linan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Linan, thereby justifying an award to her of punitive damages.

44.     As a direct and proximate result of Defendants' conduct, Linan has been harmed and requests relief as hereafter provided.

## FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(m)
#### (Failure to Engage in the Interactive Process)
### Against Foster Farms and Does 1-100

45.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.     The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any,

1  in response to a request for reasonable accommodation by an employee or applicant with a known

2  physical disability or known medical condition." Gov. Code § 12940(n).

3        47.    Foster Farms at all times material hereto was Linan's employer pursuant to

4  Government Code sections 12926(d) and 12940(j)(4), and had knowledge of her disability and

5  was required to engage in the interactive process pursuant to Government Code section 12940(n).

6        48.    Nevertheless, as set forth above, Defendants failed to engage in a timely, good faith

7  interactive process with Linan.

8        49.    The acts taken toward Linan were carried out by and/or ratified by Defendants

9  and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

10  malicious manner in order to injure or damage Linan, thereby justifying an award to her of

11  punitive damages.

12        50.    As a direct and proximate result of Defendants' conduct, Linan has been harmed

13  and requests relief as hereafter provided.

14                                       **PRAYER FOR RELIEF**

15  WHEREFORE, Linan prays judgment against Defendants as follows:

16      1.    Economic (special) and non-economic (general) damages in an amount yet

17            unknown, but in excess of the minimum jurisdictional limit of this Court;

18      2.    For punitive and/or exemplary damages;

19      3.    For injunctive relief prohibiting Defendants from engaging in the unlawful

20            practices complained of herein and for an order requiring Defendants to conduct

21            training for all employees, supervisors, and management on the requirements of the

22            FEHA, the rights and remedies of those who allege a violation of the FEHA, and

23            Defendants' internal grievance procedures pursuant to Government Code section

24            12965(c);

25      4.    For statutory attorneys' fees and costs, including those available under Government

26            Code section 12965(b) and Code of Civil Procedure section 1021.5;

27

28

1     5.     For prejudgment and post-judgment interest according to any applicable provision

2         of law or as otherwise permitted by law, including that available under Civil Code

3         sections 3287(a) and 3289(b); and

4     6.     For such other and further relief as the court deems just and proper.

5    ///

6   **DATED:** July 25, 2014            **MAYALL HURLEY P.C.**

7

8                By_____

9                    MARK S. ADAMS

                     SALWA K. HADDAD

10                  Attorneys for Plaintiff,

                     JOANN LINAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**CT Corporation**

TO: Randall C Boyce
Foster Poultry Farms
Legal Department, 1000 Davis Street
Livingston, CA 95334-

RE: **Process Served in California**

FOR: Foster Poultry Farms (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joann Linan, etc., Pltf. vs. Foster Popultry farms, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Stipulation |
| **COURT/AGENCY:** | Merced County - Superior Court - Merced, CA<br>Case # CVM018928 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/16/2014 at 11:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark S. Adams<br>2453 Grand Canal Boulevard<br>Stockton, CA 95207 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 771180309913 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

RECEIVED

SEP 1 9 2014

Legal Dept.
FOSTER FARMS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

~~FOSTER POULTRY FARMS, a California corporation; and DOES~~
1-100, inclusive

FILED   JUL 2 9 2014

MERCED SUPERIOR COURT

By: TAWNI SAEPHANH
                      Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOANN LINAN; an individual .

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* MERCED COUNTY | *(Número del Caso):* |

627 W 21st Street
Merced, CA 95340

CVM018928

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Adams, Mayall Hurley, P.C.; 2453 Grand Canal Boulevard, Stockton, CA 95207

| DATE:  JUL 2 9 2014 | LINDA ROMERO SOLES Clerk, by | TAWN SAEPHANH | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FOSTER POULTRY FARMS, a California corporation

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark S. Adams (CA Bar # 78706) / Salwa K. Haddad (CA Bar # 294625)<br>MAYALL HURLEY, P.C.<br>2453 Grand Canal Boulevard<br>Stockton, CA 95207 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (209) 477-3833   FAX NO.: (209) 473-4818<br>ATTORNEY FOR *(Name):* Plaintiff | FILED   JUL 29 2014 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  MERCED<br>STREET ADDRESS: 627 W 21st Street<br>MAILING ADDRESS: 627 W 21st Street<br>CITY AND ZIP CODE: Merced 95340<br>BRANCH NAME: Civil - Unlimited | MERCED SUPERIOR COURT<br>By: ___TAWNI SAEDUAN___<br>Deputy |

| CASE NAME:<br>LINAN v. FOSTER POULTRY FARMS, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CU 058 0 1 0 0 0 8<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 25, 2014

Mark S. Adams
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  · Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1  **MAYALL HURLEY**
   A Professional Corporation
2  2453 Grand Canal Boulevard
   Stockton, California 95207
3  Telephone (209) 477-3833
   Facsimile (209) 473-4818
4  ROBERT J. WASSERMAN (SBN: 258538)
   SALWA K. HADDAD (SBN: 294625)
5

6  Attorneys for Plaintiff, Joann Linan

7

FILED
MERCED COUNTY

2014 SEP -8  PM 3: 27

CLERK OF THE SUPERIOR COURT
BY _____
                    DEPUTY

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF MERCED

10  JOANN LINAN; an individual,          Case No.: CVM018928

11         Plaintiff,                    FIRST COMPLAINT FOR DAMAGES

12  vs.                                  1. **DISABILITY DISCRIMINATION**
13                                        2. **RETALIATION**
    FOSTER POULTRY FARMS, a California   3. **FAILURE TO PREVENT**
14  corporation; and DOES 1-100, inclusive,   **DISCRIMINATION AND**
                                             **RETALIATION**
15         Defendants.                   4. **FAILURE TO ACCOMMODATE**
16                                        5. **FAILURE TO ENGAGE IN THE**
                                             **INTERACTIVE PROCESS**
17                                        6. **RETALIATION FOR TAKING**
                                             **PROTECTED LEAVE – CFRA**
18                                        7. **RETALIATION FOR TAKING**
                                             **PROTECTED LEAVE - FMLA**
19

20                                       **JURY TRIAL DEMANDED**

21

22      Plaintiff Joann Linan ("Linan") brings this action against Defendant Foster Poultry Farms

23  ("Foster Farms") and Does 1-100, inclusive, for general, compensatory, punitive, and statutory

24  damages, injunctive relief, costs, and attorneys' fees resulting from the defendants' unlawful and

25  tortious conduct, and as ground therefore alleges:

26  ///

27  ///

28  ///

## PARTIES

1. Linan is an individual and is, and at all times relevant herein was, a resident of Merced County, California. At all times relevant herein, Linan was employed by Foster Farms in Merced County, and was an "employee" as defined by Government Code section 12926(c).

2. Foster Farms is a California corporation qualified to do business in the State of California. Foster Farms is an "employer" as defined by Government Code sections 12926(d) and 12940(j)(4)(A).

3. Foster Farms and Does 1-100 are collectively referred to as "Defendants."

4. Linan is not aware of the true names and capacities of the defendants sued herein as Does 1-100, whether individual, corporate, associate, or otherwise, and, therefore, sues such defendants by these fictitious names. Linan will amend this complaint to allege their true names and capacities when ascertained. Linan is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Linan's injuries and damages herein alleged were illegally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

5. Linan is informed and believes and thereupon alleges that at all times mentioned herein, each defendant, including each Doe defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the other defendants, including each Doe defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining defendants.

## VENUE AND JURY TRIAL DEMAND

6. Venue is proper in this Court because the discriminatory acts alleged herein took place in Merced County, and Linan's former place of employment with Foster Farms is located within Merced County. Linan hereby demands a jury trial.

## GENERAL ALLEGATIONS

7.      Linan served Foster Farms for 34 years.  Linan was hired June 18, 1979 in the processing department.  During her employment, Linan was promoted four times.  In July 2011, Linan was promoted to the position of "Data Clerk D" in the accounts receivable department.  Her duties involved managing vendors, brokers, sales representatives, customers and overseeing collections and billing.

8.      Linan excelled at her job.  Her annual performance evaluations, between 1979 and 2011, consistently ranged from either excellent, to very good, to meets expectations.

9.      In August 2012, Linan went on extended medical leave and returned to work in October 2012.

10.      Upon her return, Foster Farms gave Linan a negative 2012 performance evaluation, refused to grant Linan her annual merit-based pay increase, and placed Linan on a Performance Improvement Plan ("PIP") alleging her performance fell below expectations.

11.      While Linan was away on medical leave, Foster Farms failed to manage her work load such that when she returned her accounts were significantly behind.

12.      In addition to requiring Linan to catch up on accounts that were behind, the PIP required additional tasks for which Linan was not responsible prior to taking medical leave.  For example, Linan was required to train employees Shilpa Mistry on audits and Juan Dominguez on remittance.  The PIP also required that Linan create three proposals for improving the performance for her department as well as develop action plans.

13.      Linan's PIP unreasonable required that Linan meet these goals or else face the prospect of termination.  Nonetheless, Linan caught up her accounts, reduced her mistakes to above average levels, trained the additional employees, and submitted three proposals and action plans for improving department performance.

14.      Additionally, the PIP required that Linan reduce her audits to above average levels.  When Linan improved her audits to the department average, Linan's supervisors continued to refuse to remove her PIP unless she reduced her audits even further to unreasonable levels.

15. Meanwhile, Linan was not given the support she needed. Linan was not receiving proper training from her supervisor and the office assistants were expressly instructed to provide support to Linan's co-workers, but not to Linan.

16. In addition to these burdens, the November PIP also required that Linan follow-up with her supervisors on a near monthly basis to review her progress. However, Linan's supervisors regularly failed to prepare for these meetings, failed to attend the meetings, and failed to provide Linan with any feedback other than instructing her to continue striving for unreasonable numbers that were not required of her co-workers. Nonetheless, Linan was achieving outstanding numbers. While Linan's immediate supervisor Cindy Costa ("Costa") gave Linan consistently positive feedback for her work, Lozano consistently extended Linan's PIP until her termination.

17. During Linan's probationary period, Linan required additional medical leave from March 4, 2013 to May 22, 2013 and from July 15, 2013 to July 29, 2013 for sinus surgery. When Linan returned from this medical leave, Linan learned that Foster Farms had failed to adequately delegate her work such that her accounts were significantly behind. Foster Farms reprimanded Linan on this basis and further extended her PIP.

18. Prior to taking her medical leave for fourteen days in July for sinus surgery, Linan met with Lozano and HR for a PIP evaluation on July 10, 2014. Lozano reprimanded Linan for using her vacation time, stating, "You are making the decision to take vacation during your probations, so that is on you." Linan informed her that the time off is for surgery, but HR and Lozano informed Linan that her PIP would be extended nonetheless. Linan sent a follow-up e-mail to Human Resources complaining that her work expectations under the PIP were inconsistent with her necessary medical leave, but Human Resources failed to remedy the situation.

19. During this time, Linan submitted various complaints regarding the treatment she was receiving in retaliation for taking medical leave, but Foster Farms failed to remedy the situation. For example, Linan complained to Human Resources and management on multiple occasions that:

> o She was not receiving training on audits while at the same time she was expected to significantly maintain numbers well above average,

1        o   She was asked to give up her vacation time and to work overtime,

2        o   The PIP follow-ups were regularly being cancelled,

3        o   She was assigned projects to create proposals to improvement the department when

4             this was not a part of her duties prior to taking medical leave,

5        o   She was specifically subjected to various requests to train employees while on

6             probation, but would then be subjected to reprimands for training other employees

7             during PIP meetings,

8        o   Her schedule was changed after she returned from medical leave causing her

9             hardship,

10       o   Her accounts and audits expectations laid for her in the PIP were unreasonable,

11       o   Her desk was searched by her supervisors while she was on medical leave,

12       o   Costa gave Linan a write-up for missing a lunch break where Costa had required

13            Linan miss the lunch break for a PIP follow-up meeting,

14       o   that she heard rumors that from co-workers that management intended to terminate

15            her,

16       o   She was denied temp assistance while other employees were entitled to temp

17            assistance,

18       o   Her PIP score was not improving even though her performance numbers such as

19            accounts and audits up-to-date and mistakes made per year were significantly

20            improved and while she was receiving other positive feedback from her

21            supervisors.

22       20.     During the months immediately prior to termination, Foster Farms acknowledged

23  various successes and contributions that Linan made to the department.  For example, during an

24  August 16, 2013 follow-up meeting that Linan had succeeded in making progress towards her PIP

25  goals.  In an August 8, 2013 e-mail Linan received further praise from Costa for her teamwork and

26  her success on clearing a $40,000 UWG deduction.  In July 2013, Linan's supervisor Sandra

27  Gonzalez and Costa requested Linan's help in helping a co-worker catch up her accounts and

28  thanked her for a job well-done because Linan was able to assist in catching up the account.

1    21.    Nevertheless, Foster Farms terminated Linan on September 3, 2013 after thirty

2  years of dedicated service with Foster Farms.  The stated reason for her termination was her

3  performance.

4    22.    Linan filed a complaint against Foster Farms with the Department of Fair

5  Employment and Housing ("DFEH") on February 19, 2014 and was issued a right-to-sue notice

6  that same day.

7    23.    The list of misconduct by Defendants set forth above is a partial list only, and by

8  way of example.

9    24.    As a direct and proximate result of Defendants' conduct, Linan has been harmed

10  and requests relief as hereafter provided.

11                          **FIRST CAUSE OF ACTION**
                    **VIOLATION OF GOVERNMENT CODE § 12940(a)**
12                              **(Disability Discrimination)**
                          **Against Foster Farms and Does 1-100**
13

14    25.    Linan hereby realleges and incorporates by reference Paragraphs 1 through 24

15  above as though fully set forth herein, except as said paragraphs are inconsistent with the

16  allegations of this cause of action.

17    26.    The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer

18  from refusing to hire or employ a person, discharging a person from employment, or

19  discriminating against such person in compensation or in terms, conditions or privileges of

20  employment on the basis of race, religious creed, color, national origin, ancestry, physical

21  disability, mental disability, medical condition, genetic information, marital status, sex, gender,

22  gender identity, gender expression, age, sexual orientation or military and veteran status.  Gov.

23  Code § 12940(a).

24    27.    At all times herein mentioned, Linan was qualified for her position at Foster Farms

25  based upon her work experience and performance history with Foster Farms.

26    28.    Foster Farms was at all times material herein Linan's employer pursuant to

27  Government Code section 12926(d) and was therefore barred from discriminating against its

28  employees based on disability and/or perceived disability.

1    29.    Nevertheless, as set forth above, Defendants discriminated against Linan based on

2  disability, perceived disability, and/or future perceived disability, in violation of Gov. Code §

3  12940(a).

4    30.    The acts taken toward Linan were carried out by and/or ratified by Defendants

5  and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

6  malicious manner in order to injure or damage Linan, thereby justifying an award to her of

7  punitive damages.

8    31.    Wherefore, Linan has been harmed and requests relief as set forth below.

9                              **SECOND CAUSE OF ACTION**
                    **VIOLATION OF GOVERNMENT CODE SECTION 12940(h)**
10                                      **(Retaliation)**
                          **Against Foster Farms and Does 1-100**
11

12    32.    Linan hereby realleges and incorporates by reference Paragraphs 1 through 31

13  above as though fully set forth herein, except as said paragraphs are inconsistent with the

14  allegations of this cause of action.

15    33.    The FEHA explicitly prohibits any employer or any other person from discharging,

16  expelling or discriminating against any person because the person has opposed any practices

17  forbidden by the FEHA or because the person has filed a complaint, testified or assisted in any

18  proceeding under the FEHA.  Gov. Code § 12940(h).

19    34.    Foster Farms was at all times material herein Linan's employer pursuant to

20  Government Code section 12926(d) and were therefore barred from retaliating against its

21  employees pursuant to Government Code section 12940(h).

22    35.    Nevertheless, as set forth above, Defendants retaliated against Linan in violation of

23  Government Code section 12940(h).

24    36.    The acts taken toward Linan were carried out by and/or ratified by Defendants

25  and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

26  malicious manner in order to injure or damage Linan, thereby justifying an award to her of

27  punitive damages.

28    37.    Wherefore, Linan has been harmed and requests relief as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(k)
#### (Failure to Prevent Discrimination and Retaliation)
#### Against Foster Farms and Does 1 – 100

38.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

39.     The FEHA requires an employer to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  Gov. Code § 12940(k).

40.     Foster Farms was at all times material herein Linan's employer pursuant to Government Code section 12926(d) and was therefore required to prevent discrimination and retaliation as set forth in Government Code section 12940(k).

41.     Foster Farms knew or should have known of the discrimination and retaliation by its employees, supervisors, managers and Does 1-100, inclusive.

42.     Nevertheless, as set forth above, Foster Farms did nothing to rectify or prevent said discrimination and retaliation.  Instead, Foster Farms consented to, encouraged, permitted and/or acquiesced to the discrimination and retaliation.

43.     The acts taken toward Linan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Linan, thereby justifying an award to her of punitive damages.

44.     As a direct and proximate result of Defendants' conduct, Linan has been harmed and requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(m)
#### (Failure to Accommodate)
#### Against Foster Farms and DOES 1-100

45.     Linan hereby realleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

1   46.   The FEHA requires an employer to "make reasonable accommodation for the

2   known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

3   ~~47.   Foster Farms at all times material herein was Linan's employer pursuant to Gov.~~

4   Code § 12926(d) and knew of her disability and was required to reasonably accommodate her

5   pursuant to Government Code section 12940(m).

6   48.   Nevertheless, as set forth above, Defendants failed to reasonably accommodate

7   Linan.

8   49.   The acts taken toward Linan were carried out by and/or ratified by Defendants

9   and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

10   malicious manner in order to injure or damage Linan, thereby justifying an award to her of

11   punitive damages.

12   50.   Wherefore, Linan has been harmed and requests relief as set forth below.

13                                    **FIFTH CAUSE OF ACTION**
                           **VIOLATION OF GOVERNMENT CODE § 12940(m)**
14                               **(Failure to Engage in the Interactive Process)**
                                    **Against Foster Farms and Does 1-100**
15

16   51.   Linan hereby realleges and incorporates by reference Paragraphs 1 through 50

17   above as though fully set forth herein, except as said paragraphs are inconsistent with the

18   allegations of this cause of action.

19   52.   The FEHA requires an employer "to engage in a timely, good faith, interactive

20   process with the employee or applicant to determine effective reasonable accommodations, if any,

21   in response to a request for reasonable accommodation by an employee or applicant with a known

22   physical disability or known medical condition." Gov. Code § 12940(n).

23   53.   Foster Farms at all times material hereto was Linan's employer pursuant to

24   Government Code sections 12926(d) and 12940(j)(4), had knowledge of her disability and was

25   required to engage in the interactive process pursuant to Government Code section 12940(n).

26   54.   Nevertheless, as set forth above, Defendants failed to engage in a timely, good faith

27   interactive process with Linan.

28

1   55.   The acts taken toward Linan were carried out by and/or ratified by Defendants

2   and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

3   malicious manner in order to injure or damage Linan, thereby justifying an award to her of

4   punitive damages.

5   56.   Wherefore, Linan has been harmed and requests relief as set forth below.

6   **SIXTH CAUSE OF ACTION**
    **VIOLATION OF GOVERNMENT CODE § 12940(h)**
7   **(Retaliation -- CFRA)**
    **Against Foster Farms and Does 1-100**
8

9   57.   Linan hereby realleges and incorporates by reference Paragraphs 1 through 56

10  above as though fully set forth herein, except as said paragraphs are inconsistent with the

11  allegations of this cause of action.

12  58.   The California Family Rights Act ("CFRA") prohibits an employer from

13  discharging or discriminating against an employee because that person has exercised their right to

14  family care and medical leave.  Gov. Code § 12945.2(l).

15  59.   Nevertheless, as set forth above, Defendants discriminated against and discharged

16  Linan in violation of Gov. Code § 12945.2(l).

17  60.   The acts taken toward Linan were carried out by and/or ratified by Defendants

18  and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and

19  malicious manner in order to injure or damage Linan, thereby justifying an award to her of

20  punitive damages.

21  61.   Wherefore, Linan has been harmed and requests relief as set forth below.

22  **SEVENTH CAUSE OF ACTION**
    **VIOLATION OF 29 USC § 2615(a)(1)**
23  **(Interference with Protected Medical Leave)**
    **Against Foster Farms and Does 1-100**
24

25  62.   Linan hereby realleges and incorporates by reference Paragraphs 1 through 61

26  above as though fully set forth herein, except as said paragraphs are inconsistent with the

27  allegations of this cause of action.

28

63. The Family and Medical Leave Act ("FMLA") provides that it is unlawful for an employer to discriminate against or discharge an employee for taking FMLA leave, or for opposing or complaining about violations of FMLA. 29 USC § 2615(a)(2).

64. Foster Farms was at all times relevant herein Linan's employer pursuant to 29 USC § 2611, knew of her serious medical condition, and was thereby barred from retaliating against Linan in violation of the FMLA.

65. Nevertheless, as set forth above, Defendants discriminated and retaliated against Linan because she took leave pursuant to the FMLA.

66. The acts taken toward Linan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Linan, thereby justifying an award to her of punitive damages.

67. Wherefore, Linan has been harmed and requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Linan prays judgment against Defendants as follows:

**As to the First through Sixth Causes of Action:**

1. Economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;

2. For punitive and/or exemplary damages;

3. For injunctive relief prohibiting Defendants from engaging in the unlawful practices complained of herein and for an order requiring Defendants to conduct training for all employees, supervisors, and management on the requirements of the FEHA, the rights and remedies of those who allege a violation of the FEHA, and Defendants' internal grievance procedures pursuant to Government Code section 12965(c);

4. For statutory attorneys' fees and costs, including those available under Government Code section 12965(b) and Code of Civil Procedure section 1021.5;

5.   For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code sections 3287(a) and 3289(b); and

6.   For such other and further relief as the court deems just and proper.

As to the Seventh Cause of Action:

1.   For compensatory, special, and general damages, including lost wages and related benefits, and medical expenses in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.   For punitive and/or exemplary damages;

3.   For liquidated damages, including those available under 29 USC § 2617(a)(1)(a)(iii);

4.   For injunctive relief, including that available under 29 USC § 2617,

5.   For statutory attorneys' fees and costs, including those available under 29 USC § 2617(a)(3);

6.   For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available 29 USC § 2617(a)(1)(A)(i), according to proof; and

7.   For such other and further relief as the court deems proper

DATED: September 5, 2014                    MAYALL HURLEY P.C.

By _____

ROBERT J. WASSERMAN
SALWA K. HADDAD
Attorneys for Plaintiff,
JOANN LINAN

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF MERCED**<br><br>627 W 21st St<br>Merced, California 95340<br>(209) 725-4111 | *Reserved for Clerk's File Stamp*<br><br>FILED<br>MERCED COUNTY<br><br>2014 JUL 30  AM 11: 10 |
| Joann Linan,<br>    Plaintiff<br><br>vs.<br><br>Foster Poultry Farms,<br>    Defendant | CLERK OF THE SUPERIOR COURT<br>BY: TAWN SAEPHANH<br>DEPUTY |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No. CVM018928 |

**To all Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program. Local Rule 4 will hereafter apply to this action. Our Local Rules may be reviewed on-line at www.merced.courts.ca.gov. You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.720-3.735.

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Rule 4(b)(1)(a), for:

**December 22, 2014 at 10:00 am in Courtroom 8**

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at (888) 882-6878. Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC. A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A **CMC Statement** shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725). This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Mark Adams
2453 Grand Canal Boulevard 2nd Floor
Stockton, CA  95207

Date: <u>July 30, 2014</u>

<u>Tawn Saephanh</u>
Printed Name

Linda Romero Soles, Court Executive Officer

By:_____ TAWN SAEPHANH
Deputy Clerk

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA COUNTY OF MERCED

# Alternative Dispute Resolution (ADR) Information Guide

Adapted by permission from the
Administrative Office of the Courts' publication:
**"Alternative Dispute Resolution,** *Options for Resolving Your Dispute"*

## ADR INFORMATION GUIDE

## There are Alternatives to Going to Trial

Did you know that most of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement. Because of these potential advantages, it is worth considering using ADR early in a lawsuit, **or even before you file a lawsuit.**

## Potential Advantages of ADR

Here are some potential advantages of using ADR:

❖ **Saves Time and Money:** A dispute often can be settled or resolved much sooner with ADR, allowing parties to save money on attorney fees, court costs, and experts' fees. An ADR fee of $300 to be shared by the Parties is charged by the Court for its Judicial Arbitration and Early Mediation Programs – this fee is not waived in cases involving successful Fee Waiver Applications.

❖ **Increases Control Over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In ADR, parties have the opportunity to tell their side of the story just as they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that may not be available in a trial. Other ADR processes, such as arbitration, allow the parties to choose a qualified person or expert in a particular field to decide the dispute.

❖ **Preserves Ongoing Relationships:** ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve. For example, in cases involving business partners, family members or customer-vendor relationships.

❖ **Increases Satisfaction:** In a trial, there is typically a winner and a loser. ADR can help the parties find win-win solutions and achieve their respective goals. This, along with other potential advantages of ADR, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

❖ **Fosters Attorney-Client Relationships:** Parties and Attorneys may also benefit from ADR by exploring their roles as problem-solvers and counselors rather than merely acting as adversaries. Quick, cost-effective, and satisfying resolutions are likely to produce happier parties and stronger relationships with their attorneys.

## What are the ADR Options?

The most commonly used ADR processes are Mediation, Arbitration, Neutral Case Evaluation, and Settlement Conferences.

### ♦ Private Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but remains helps the parties communicate so they can settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can listen to the parties and help them communicate in an effective and non-confrontational manner.

### ♦ Private Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed.

Arbitration may be either "binding" or "non-binding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision. Arbitrations may be structured to set maximum and minimum awards, known as "High-Low Arbitrations". This allows the plaintiff to have a guaranteed minimum recovery and the defendant to rely on a guaranteed absolute maximum exposure, regardless of how the arbitration unfolds.

Cases for Which Arbitration May Be Appropriate: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### ♦ Neutral Case Evaluation

In Neutral Case Evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. Although the evaluator's opinion is not binding, the

parties typically use it as a basis for trying to negotiate a resolution of the dispute. Even if not successful in resolving the case, Neutral Case Evaluation can lead to use of other ADR procedures, such as arbitration or mediation, especially when undertaken early in the litigation.

Cases for Which Neutral Case Evaluation May Be Appropriate:
Neutral Case Evaluation is appropriate for most cases, and may be most useful in cases that involve technical issues that require special expertise to resolve or in cases that the only significant issue is the amount of damages.

### ♦ Settlement Conferences
In Settlement Conferences, the parties and their attorneys meet with the judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences, ordered by the Court, are often held near the date a case is set for trial.

## ADR Programs Offered by Merced Superior Court
Merced Superior Court provides two forms of ADR programs through its Early Mediation Program (EMP) and its Judicial Arbitration Program, described below.

### ♦ Merced Superior Court's *Early Mediation Program* (EMP)
Civil unlimited cases are generally assigned to the Early Mediation Program. Merced Superior Court provides parties with an opportunity to mediate cases before extensive fees and costs are spent (see "Private Mediation" below, for a description of how Mediation works). The EMP allows parties the opportunity to obtain the services of a mediator for only a $300 fee, to be shared by the parties. Because the parties have not generally committed extensive resources and time to a case at this early stage, resolution can be achieved at a lower cost and possibly with more satisfying results. Early Mediation Program Forms are available at: www.merced.courts.ca.gov. Here's how the EMP works:

- Civil Unlimited Cases are generally assigned to the Early Mediation Program, unless an opt-out form is filed by any party within 120 days from the filing of the Complaint. Timely service of the Complaint (within 60 days of filing) is essential to comply with the Early Mediation Program requirements.

- The $300 EMP fee must be paid to the Civil Clerk's Office within 120 days of filing the lawsuit, and the Parties are to schedule Early Mediation before the first CMC (set approximately 150 days from the filing of the Complaint).

Plaintiff is to collect the EMP fee, to be shared equally by the Parties or as the Parties agree, and timely submit the entire amount to the Civil Clerk's Office.

- Parties then select a Mediator from Merced Superior Court's ADR Neutral List available on the Court's website. Parties must notify the ADR Office immediately if a mediator cannot be agreed upon. The ADR Office will then provide the parties with a mediator short list where each party may de-select a mediator and report back to the ADR Coordinator within 5 days.

- In preparation for the Early Mediation, Parties are to draft a Mediation Statement of no more than 5 pages outlining the Party's position including agreed to and disputed facts. The Mediation Statement is to be sent to the mediator one (1) week before the Early Mediation (do not file with the Court).

- After the Early Mediation, Parties are to fill out a confidential Mediation Survey and send it to the ADR Office of the Court.

## ♦ Merced Superior Court's *Judicial Arbitration Program*

Merced Superior Court provides parties with an opportunity to arbitrate their cases for a $300 fee before extensive fees and costs are spent. This program is generally ordered in cases where the amount in controversy is equal or less than $50,000. The Parties may agree to waive this cap and allow the possibility of a larger award. The Parties may also agree to make the Arbitration Award binding, thereby eliminating the need of further litigation. Otherwise, after Judicial Arbitration, the Parties receive an Award that they may accept or reject.

## Serving the ADR Information Packet

The ADR Information Packet, which is provided to all Plaintiffs initiating a lawsuit, consists of:

> ► The ADR Information Guide
> ► The ADR Stipulation Form

The Plaintiff must serve a copy of the ADR Packet on each Defendant with the Complaint. Cross-Complainants must serve a copy of the ADR Packet on all new Cross-Defendants with the Cross-Complaint. The ADR Information Packet is available in the Civil Clerk's Office or online at www.merced.courts.ca.org.

## Who You Can Call

For additional information, please contact the following:
► State Bar of California (415) 538-2000
► Calif. Dept. of Consumer Affairs, Consumer Info. Center, (800) 952-5210
► Merced Superior Court, ADR Office, (209) 725-4249
► Merced County Bar Association, (209) 722-8129
► Self Help Information on line: http://www.courtinfo.ca.gov/selfhelp

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED<br>627 W. 21st Street<br>Merced, CA 95340<br>(209) 725-4111 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | Assigned Judge:<br><br>Case Category (please circle):<br>I    II    III |

THIS ADR STIPULATION IS TO BE FILED WITH THE COURT <u>WITHIN FIFTEEN (15) CALENDAR DAYS</u>
OF THE PARTIES' AGREEMENT TO PARTICIPATE IN ADR

Pursuant to Cal. Rules of Court, Rule 3.221 and having met and conferred pursuant to Rules of Court, Rule 3.724, the parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                                        ☐ Neutral Case Evaluation
☐ Binding Private Arbitration              ☐ Private Settlement Conference
☐ Non-binding Private Arbitration       ☐ Early Mediation (fee: $300)*

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____ Fax: _____ E-Mail: _____

The ADR process will be completed on, or before, (date): _____

The next Case Management Conference is scheduled for (date/time): _____

* Parties not already assigned to <u>Early Mediation</u> may execute and file this Stipulation as soon as the case is at issue. Upon filing this Stipulation, an early Case Management Conference will be scheduled by the Court and the parties will have the opportunity to attempt settlement before extensive costs and fees are undertaken. The fee for Early Mediation is $300, to be shared by the Parties and paid to the Court in full with the filing of this Stipulation. The $300 fee is <u>not</u> waived for successful Fee Waiver Applicants.

The Parties further stipulate and agree that:

1. All parties have reached agreement as to the payment of fees of the ADR provider;
2. All Parties have been served and submit to the jurisdiction of the Court;
3. All Parties have agreed to a specific discovery plan to make the ADR process meaningful;
4. Copies of this Stipulation and self-addressed-stamped envelopes are provided to the Court for returning file-stamped copies to counsel and the parties along with the $20.00 fee for filing a Stipulation with Order per *Govt. Code* §70617(c) (2);
5. Early Mediation fee of $300 total is submitted with this Stipulation (if applicable); and
6. All Parties are aware that a request for continuance of the ADR completion date established by this Stipulation and Order is discouraged, and the request may be denied by the Court.

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

(Date and Sign) Attorney or Party without
attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

(Date and Sign) Attorney or Party without
attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

(Date and Sign) Attorney or Party without
attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

(Date and Sign) Attorney or Party without
attorney (Sign in blue ink)

☐ Additional signatures are attached

---

Pursuant to the Stipulation of the parties, the above case is ordered to ADR as described and agreed to above. If applicable, an early Case Management Conference is set for _____.

Dated: _____

_____
☐ DONALD J. PROIETTI, JUDGE
☐ BRIAN L. McCABE, JUDGE
☐ JEANNE SCHECHTER, COMMISSIONER
☐ DAVID FOSTER, TEMPORARY JUDGE

**EXHIBIT C**

10/15/2014   15:41   2093830311   ASM   PAGE  03/03

1  SEYFARTH SHAW LLP
   Mark P. Grajski (SBN 178050)
2  mgrajski@seyfarth.com
   Daniel C. Kim (SBN 272680)
3  dckim@seyfarth.com
   400 Capitol Mall, Suite 2350
4  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
5  Facsimile:    (916) 558-4839

6  Attorneys for Defendant
   FOSTER POULTRY FARMS
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF MERCED

10  JOANN LINAN; an individual,              Case No. CVM018928

11              Plaintiff,                    DEFENDANT FOSTER POULTRY
                                             FARMS' ANSWER TO PLAINTIFF'S
12        v.                                  FIRST AMENDED COMPLAINT

13  FOSTER POULTRY FARMS, a California        Action Filed:      July 29, 2014
    corporation; and DOES 1 through 100, inclusive,
14
15              Defendants.

16        Defendant Foster Poultry Farms ("Defendant") hereby answers Plaintiff Joann Linan's First

17  Amended Complaint as follows:

18                          GENERAL DENIAL

19        Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally

20  and specifically each and every allegation contained in Plaintiff's unverified complaint, and the

21  whole thereof, and further denies that Plaintiff has been damaged in the sum or manner alleged, or in

22  any other sum or manner at all, by reason of any act or omission on the part of the Defendant.

23                              DEFENSES

24        In further answer to the Complaint, Defendant alleges the following separate and distinct

25  defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters

26  that, pursuant to law, are Plaintiff's burden to prove.

27  ///

28  ///

                                        1
   DEFENDANT FOSTER POULTRY FARMS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
   18079310v.1

1

### FIRST DEFENSE

2

(Failure To State Cause Of Action—All Causes of Action)

3   Plaintiff's Complaint, and every cause of action purported to be alleged therein, fails to state

4   facts sufficient to constitute a cause of action.

5

### SECOND DEFENSE

6

(Statute Of Limitations—All Causes of Action)

7   Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred by

8   the applicable statute of limitations including, but not limited to, California Government Code

9   sections 12960 and 12965; California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(c),

10  and 343; and 29 U.S.C. 2617(c).

11

### THIRD DEFENSE

12

(Failure To Exhaust Administrative Remedies—All Causes of Action)

13  Plaintiff's Complaint is barred to the extent that she has failed to exhaust administrative

14  remedies pursuant to California Government Code sections 12960, 12965, and all other applicable

15  laws.

16

### FOURTH DEFENSE

17

(Good Faith—All Causes of Action)

18  Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a

19  just and proper exercise of management discretion, at all times privileged and justified, and

20  undertaken for fair and honest reasons, in good faith and without malice.

21

### FIFTH DEFENSE

22

(Estoppel—All Causes of Action)

23  Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred in

24  whole or in part by judicial, equitable, and/or collateral estoppel.

25

### SIXTH DEFENSE

26

(Waiver—All Causes of Action)

27  Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred in

28  whole or in part by the doctrine of waiver.

**SEVENTH DEFENSE**

(Unclean Hands—All Causes of Action)

Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

(Laches—All Causes of Action)

Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred by the doctrine of laches.

**NINTH DEFENSE**

(After-Acquired Evidence—All Causes of Action)

Plaintiff's claims for damages are barred to the extent she engaged in any fraud or misconduct of which Defendant was unaware until after Plaintiff filed suit, and which, if known would have caused Plaintiff to be terminated or not hired in the first place.

**TENTH DEFENSE**

(Ratification—All Causes of Action)

Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred in whole or in part because any conduct by Defendant was ratified, consented to, and/or acquiesced in by Plaintiff.

**ELEVENTH DEFENSE**

(Workers' Compensation Exclusivity—All Causes of Action)

Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act, California Labor Code Sections 3600, *et seq.*

**TWELFTH DEFENSE**

(Avoidable Consequences—All Causes of Action)

If Plaintiff sustained any injury, damage, or loss by reason of any act, error, or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that she failed to

3

1    exercise reasonable care to avoid or limit the alleged harm.

2                         **THIRTEENTH DEFENSE**

3              (Failure to State Claim for Equitable Relief—All Causes of Action)

4          Plaintiff's claims for equitable relief are unfounded, inappropriate, and precluded by the fact

5    that Plaintiff has adequate remedies at law.

6                         **FOURTEENTH DEFENSE**

7              (Failure To State Claim For Punitive Damages—All Causes of Action)

8          Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages

9    against Defendant pursuant to California Civil Code Section 3294.

10                        **FIFTEENTH DEFENSE**

11             (Failure To Mitigate Damages—All Causes of Action)

12         Plaintiff is not entitled to back pay and/or other damages for any cause of action purported to

13   be alleged in her Complaint to the extent that she failed to seek and obtain other employment and

14   otherwise failed to mitigate her alleged loss of wages or other damages.

15                        **SIXTEENTH DEFENSE**

16                   (Setoff—All Causes of Action)

17         To the extent Plaintiff has received other benefits and/or awards attributable to an injury for

18   which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in

19   part, any award she receives here for the same injury.

20                        **SEVENTEENTH DEFENSE**

21             (Comparative Fault—All Causes of Action)

22         If Plaintiff sustained any injury, damage, or loss by reason of any act, error, or omission on

23   the part of Defendant, said injury, damage, or loss must be reduced on the basis of comparative fault

24   or negligence of Plaintiff or others which contributed to and proximately caused any such injury,

25   damage, or loss.

26                        **EIGHTEENTH DEFENSE**

27                  (Same Decision—All Causes of Action)

28         Plaintiff's remedies are limited and/or liability is precluded because Defendant would have

                                        4

1   taken the same action in the absence of the alleged impermissible motivating factor(s).

**NINETEENTH DEFENSE**

(Legitimate And Nondiscriminatory Business Reason For Conduct—All Causes of Action)

The Complaint, and every cause of action purported to be alleged therein, is barred in whole or in part because the alleged conduct about which Plaintiff complains was not based on any actual or perceived disability, or any other protected characteristic, and was not in retaliation for Plaintiff's exercise of any statutory, constitutional, or common law rights, but was based on one or more legitimate, nondiscriminatory business reasons.

**TWENTIETH DEFENSE**

(Failure To Comply With Employer Directions—All Causes of Action)

The Complaint, and every cause of action purported to be alleged therein, is barred in whole or in part because Plaintiff failed to substantially comply with all the direction of Defendant and its agents, representatives, employees, and/or supervisors concerning the services upon which she was engaged, and such disobedience was neither impossible, nor unlawful, and did not impose new and/or unreasonable burdens upon Plaintiff.

**TWENTY-FIRST DEFENSE**

(*Kolstad* Defense—All Causes of Action)

Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant has instituted against wrongful conduct.

**TWENTY-SECOND DEFENSE**

(Business Necessity—All Causes of Action)

The Complaint, and every cause of action purported to be alleged therein, is barred because Defendant acted in accordance with a qualification standard and/or selection criterion that is job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation.

///

///

DEFENDANT FOSTER POULTRY FARMS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

18079310v.1

1

## TWENTY-THIRD DEFENSE

2

(Obligation To Accommodate Fulfilled To The Extent Possible—All Causes of Action)

3

The Complaint, and every cause of action purported to be alleged therein, is barred because

4

Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's

5

alleged disability to the extent possible in light of business necessities.

6

## TWENTY-FOURTH DEFENSE

7

(Direct Threat—All Causes of Action)

8

The Complaint, and every cause of action purported to be alleged therein, is barred to the

9

extent that Plaintiff could not perform the essential functions of her position, with or without

10

reasonable accommodation, in a manner which would not endanger the health or safety of herself or

11

others.

12

## TWENTY-FIFTH DEFENSE

13

(Undue Hardship—All Causes of Action)

14

The Complaint, and every cause of action purported to be alleged therein, is barred because

15

Plaintiff's alleged disability could not be reasonably accommodated without undue hardship to

16

Defendant.

17

## TWENTY-SIXTH DEFENSE

18

(Good Faith Participation In The Interactive Process—All Causes of Action)

19

The Complaint, and every cause of action purported to be alleged therein, is barred because

20

Defendant engaged in a timely, good faith, interactive process with Plaintiff to determine effective

21

reasonable accommodations, if any, for her alleged disability, and Plaintiff was responsible for any

22

breakdown in the process.

23

## TWENTY-SEVENTH DEFENSE

24

(Failure to Comply with CFRA/FMLA—All Causes of Action)

25

Plaintiff's claims are barred, in whole or in part, to the extent she did not qualify for leave, or

26

comply with the prerequisites for taking leave, under the California Family Rights Act, Cal. Gov't

27

Code section 12945.2(b)(2) and/or the Family Medical Leave Act, 29 U.S.C. sections 2601, *et seq.*

28

///

DEFENDANT FOSTER POULTRY FARMS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

18079310v.1

1

## TWENTY-EIGHTH DEFENSE

2

(Additional Defenses)

3   Defendant presently has insufficient knowledge or information on which to form a belief as to

4   whether it may have additional, unstated defenses available to it.  Defendant thus reserves the right to

5   assert additional defenses in the event discovery and further investigation indicate it would be

6   appropriate.

7

## PRAYER

8   Wherefore, Defendant prays for judgment as follows:

9   1.    That Plaintiff takes nothing for her Complaint on file herein;

10   2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of

11   action.

12   3.    That Defendant be awarded reasonable attorney's fees according to proof;

13   4.    That Defendant be awarded the costs of suit incurred herein; and

14   5.    That Defendant be awarded such other and further relief as the Court may deem

15   appropriate.

16   DATED: October 14, 2014                    Respectfully submitted,

17                                              SEYFARTH SHAW LLP

18

19                                             By: _____

20                                                 Mark P. Grajski
                                                   Daniel C. Kim
21                                             Attorneys for Defendant
                                               FOSTER POULTRY FARMS

22

23

24

25

26

27

28

7

DEFENDANT FOSTER POULTRY FARMS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

18079310v.1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On October 15, 2014, I served the within document(s):

### DEFENDANT FOSTER POULTRY FARMS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

☐ I sent such document from facsimile machines (916) 558-4839 on August 5, 2014.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

Robert J. Wasserman
Salwa K. Haddad
Mayall Hurley
2453 Grand Canal Blvd.
Stockton, CA  95207
Phone: 209-477-3833
Fax: 209-473-4818

Phone:  209-477-3833
Fax:  209-473-4818

*Attorneys for Plaintiff*
*Joann Linan*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 15, 2014, at Sacramento, California.

_____
Linda Ninelist

18202250v.1