MAYALL HURLEY P.C.
Robert J. Wasserman (SBN 258538)
rwasserman@mayallaw.com
Salwa K. Haddad (SBN 294625)
shaddad@mayallaw.com
2453 Grand Canal Blvd.
Stockton, California 95207
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff
JOANN LINAN

SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
mgrajski@seyfarth.com
Lindsay Fitch (SBN 238227)
lfitch@seyfarth.com
Daniel C. Kim (SBN 272680)
dckim@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendant
FOSTER POULTRY FARMS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| JOANN LINAN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>FOSTER POULTRY FARMS, a California corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 1:14-CV-01625-AWI-SMS<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**<br><br>Complaint Filed: July 28, 2014 |

Subject to the approval of this Court, plaintiff Joann Linan ("Plaintiff") and defendant Foster Poultry Farms ("Defendant") (collectively, the "parties") hereby stipulate to the following protective order:

1

STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER

19199875v.1

1. In connection with discovery proceedings in this action, specifically document productions, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order ("Order"). The documents protected pursuant to this Order have not been made public and the disclosure of these documents would have the effect of causing harm to Defendant.

2. Per Local Rule 141.1(c), the documents eligible for protection under this Order include:

    A. Trade secret, confidential, and/or proprietary information relating to Defendant's customers, customer accounts, pricing, discounts, and other confidential and proprietary information relating to the sale of Defendant's products.

3. This is an employment discrimination case where Plaintiff was employed by Defendant as an "Accounts Receivable Clerk D." In this capacity Plaintiff dealt with numerous customer accounts and billing-related matters. Defendant terminated Plaintiff's employment. As such, discovery in this action may delve into the accounts Plaintiff handled, which includes information relating to Defendant's customers, customer accounts, pricing, discounts, and other confidential and/or proprietary information that gives Defendant a competitive advantage in the marketplace. Disclosure of such documents to the public would therefore harm Defendant. A Court order establishing the process for use, handling, and disclosure "confidential" documents and filing those documents under seal with the Court is therefore necessary under Local Rule 141.1(c).

4. By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5. Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL" or by an alternative method acceptable to all parties. In the event that documents produced during the discovery process that are not designated initially as confidential are later designated as confidential, they shall thereafter be treated as confidential in accordance with this Order.

/ / /

/ / /

6. Documents designated as "confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

7. Confidential Material produced pursuant to this Order may be disclosed or made available only to the parties or counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel, and private court reporters or notaries public engaged by the parties in their official capacities). Confidential Material may be provided to any independent office services vendors or experts retained for consultation and/or trial. In the event that Confidential Material is given to an expert, counsel for that retained the expert shall provide a copy of this Order with the Confidential Material.

8. If any party objects to the designation of Confidential Material, that party shall so state its objection in a letter to counsel for the party making the designation. The parties shall thereafter meet and confer within seven days of the designating party's receipt of this letter. If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within twenty-one days of the parties agreeing that the meet and confer process will not resolve their dispute. Until the Court rules on the motion, Confidential Material shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential Material, but may refer to them by proper identification, such as Bates Stamp number or date and author.

9. If a party would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties. All parties shall comply with the requirements of E.D. Local Rule 141, in the event that a party would like Confidential Material to be sealed. In lieu of seeking a motion to seal, the parties may agree to redact the Confidential Material.

10. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

11. If a party to this Order in possession of Confidential Material receives a subpoena from a non-party seeking the production or other disclosure of Confidential Material, that party shall immediately give written notice to counsel of record for the party who provided the Confidential Material being sought, which such notice shall include a copy of the subpoena. Where possible, at least seven (7) days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three (3) business days, to take appropriate action, including seeking judicial relief.

12. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document.

13. By this Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Order by application on notice on any grounds. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

14. This Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

15. The inadvertent production or disclosure of any material in discovery or otherwise (including material that is or should have been designated as Confidential Material) shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production

or disclosure upon the discovery thereof.

16. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

17. The parties may modify the provisions of this Order at any time by stipulation approved by order of the Court.

18. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within Forty-five (45) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

DATED: March 11, 2015                           SEYFARTH SHAW LLP

                                                /s/ Daniel C. Kim
                                        By_____
                                                Mark P. Grajski
                                                Lindsay Fitch
                                                Daniel C. Kim
                                        Attorneys for Defendant
                                        FOSTER POULTRY FARMS

DATED: March 11, 2015                           MAYALL HURLEY P.C.

                                                /s/ Robert J. Wasserman
                                        By_____
                                                Robert J. Wasserman
                                                Salwa K. Haddad
                                        Attorneys for Plaintiff
                                        JOANN LINAN

## **PROTECTIVE ORDER**

The undersigned has considered and approves the stipulated protective order filed and signed by all parties on March 11, 2015.

**IT IS SO ORDERED.**

Dated: March 12, 2015

/s/ SANDRA M. SNYDER
Honorable Sandra M. Snyder
United States Magistrate Judge